JOSEPH MALIN ET AL., APPELLANTS, V. NEWTON A. HOUSEL
ET AL., APPELLEES.

FILED MARCH 11, 1921. No. 21399.

1. Judgment: RES JUDICATA. The constitutionality of an act of the
legislature having been passed upon by this court, and no addition-
al grounds being presented, the same will be adhered to in all
future cases in which that question is directly involved and in
which it becomes a vital and integral factor in the determination
of the issues made.

2. Constitutional Law. In the case at bar the constitutionality of
section 2, ch. 243, Laws 1919, having been determined by this
court in the case of *State v. Cox, ante,* p. 75, the rule therein
declared is followed herein.

APPEAL from the district court for Madison county:
WILLIAM V. ALLEN, JUDGE. *Affirmed.*

*M. S. McDuffee,* for appellants.

*Clarence A. Davis,* Attorney General, *J. B. Barnes* and
*M. D. Tyler,* contra.

TIBBETS, C.

This action was commenced by Joseph Malin and other
residents, taxpayers and electors of school district No. 6
of Madison county, on their own behalf, and on behalf of
all other similarly situated, against Newton A. Housel,
superintendent of public instruction of said Madison coun-
ty, and other defendants, commissioners, as provided for
under section 2, ch. 243, Laws 1919. The petition alleges,
among other things, that defendants are threatening to re-
district all of the territory of said Madison county, includ-
ing school district No. 6, without authority of law, and
prays that defendants be restrained and enjoined from so
doing. Plaintiffs' right to the remedy sought depends upon
the alleged fact that section 2, ch. 243, Laws 1919, is
unconstitutional. The defendants demurred to the peti-

tion, and, the demurrer having been sustained and judgment rendered accordingly, plaintiffs appeal.

Since the filing of this case herein, this court has declared in the case of *State v. Cox, ante,* p. 75, in passing upon the constitutionality of the chapter under discussion: *"Held* constitutional, as not defective in title, and not shown invalidated through failure of proper procedure in enacting." This court also held, in the same case: "The enactment is not in violation of section 11, art. III of the Constitution, providing that "no law shall be amended unless the new act contains the section or sections so amended, and the section or sections so amended be repealed." This is a recent and last conclusion of this court, and while the constitutionality of the act was attacked on grounds of failure to comply with the proper procedure in procuring its enactment, yet the writer of the opinion, from his investigation, research, and deduction, came to the conclusion he did, which we are not prepared to say is not correct, and by which we are willing to be governed. We were impressed with the logic, force and authorities in the written and oral argument of attorney for plaintiffs, but we cannot agree with him that the decisive question involved was not decided in the case of *State v. Cox, supra.* The syllabus to the effect that the act is constitutional is only a logical deduction from the language used in the opinion, wherein the court say: "It is argued that the bill did not contain the section or sections sought to be amended, nor repeal the sections of the statute so amended. The bill does not purport to be an amendment of the former sections, but enacts entirely new legislation upon the same subject-matter, and repeals the former sections covering that matter. Such enactments are not in violation of the constitutional requirement that 'no law shall be amended unless the new act contains the section or sections so amended, and the section or sections so amended shall be repealed.' "

This court, after a thorough consideration of all the vital questions that might or have been urged, having

come to a determination thereof, its decision should be conclusive by reason of the interests it affects, and litigants, although presenting new and divergent reasons, should be effectively bound by the decision rendered. We are of the opinion that the act of 1919 was a complete act within itself, and was not an amendatory act, and, if amendatory, presumptively and impliedly repealed all existing acts in conflict therewith, and expressly so as to the acts of 1915 and 1917. Plaintiffs contend that the state superintendent, by section 4, ch. 243, Laws 1919, has been delegated judicial powers, and cite us to the constitutional provision contained in article II of the Constitution, which reads: "The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial, and no person or collection of persons being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted." It is true that certain ministerial and executive officers have been under necessity, by virtue of the duties pertaining to their offices, to exercise to a limited extent judicial or quasi-judicial functions, as in the case of railroad commissioners, county commissioners, and others, but that does not come within, and is not an infringment of, said article II.

We have, in consideration of the foregoing, reached the conclusion that the judgment of the district court was right, and rcommend that the same be affirmed.

PER CURIAM. For the reasons stated in the foregoing opinion, the judgment of the district court is affirmed, and this opinion is adopted by and made the opinion of the court.

AFFIRMED.

ROSE, J., dissents.